**FOLLANSBEE STEEL CORPORATION,**
a Delaware corporation,
Plaintiff,

v.

**The UNITED STATES of America,**
Defendant.

Civ. A. No. 10640.

United States District Court
W. D. Pennsylvania.

March 22, 1955.

Edward R. Lawrence and Paul Lawrence & Rock, Pittsburgh, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This is a case in which the taxpayer should recover. I have this date filed an opinion in a case involving the same question, Sharon Steel Corporation v. United States of America, D.C., 139 F.Supp. 414, in which the decision is for the defense. However, as to this issue, the loan is clearly evidenced by a promissory note. It is a straight commercial transaction. The loan was made in the regular course of business by a regular customer of the bank and was approved by the commercial credit department of the bank and not by the Investment Committee, and was made in the same manner as were all of the bank's commercial loans at the time of the said transaction. A reference need only be made here to the decision of Judge Clary in the Eastern District in Curtis Publishing Co. v. Smith, 124 F. Supp. 508 and the decision in the Second Circuit of Niles-Bement-Pond Co. v. Fitzpatrick, 213 F.2d 305.

### Findings of Fact

1. The plaintiff is a Delaware corporation, having its principal offices in the City of Pittsburgh, Pennsylvania.

2. On or about the 19th day of February, 1948, the plaintiff borrowed $2,500,000 from the Union National Bank of Pittsburgh, and executed and delivered to the said Union National Bank of Pittsburgh its certain collateral instrument dated February 19, 1948, in said amount.

3. On or about the 31st day of August, 1951, Stanley Granger, Collector of Internal Revenue for the Twenty-third District of Pennsylvania, assessed a tax of $2,750 for stamp tax on said note for the alleged reason that said note was a debenture, and as such was taxable under Section 1801 of the Internal Revenue Code.

4. On the same day, August 31, 1951, plaintiff paid said stamp tax to the Collector of Internal Revenue.

5. On or about the 10th day of December, 1951, the plaintiff filed a claim for refund of the said sum of $2,750 stamp tax with the Collector of Internal Revenue. By letter dated April 16, 1952, the Commissioner of Internal Revenue notified plaintiff by registered mail that its claim for refund of $2,750 had been disallowed in its entirety.

6. Plaintiff at the time of the execution of said note, February 19, 1948, and since 1940, did all of its banking busi-

ness in the City of Pittsburgh with said Union National Bank of Pittsburgh.

7. No brokers were employed or used by plaintiff or were in any way involved in or connected with said loan, and no commissions were paid by the plaintiff in connection therewith. It was not offered for sale to the public.

8. The Union National Bank of Pittsburgh loaned said sum of $2,500,-000 to plaintiff in the regular course of its business, and said loan was approved by the Board of Directors of said Bank in the same manner as were all of its commercial loans at the time of said transaction. It was not submitted to the Investment Committee of said Bank. The Bank credited the proceeds of the said loan to the bank account of plaintiff. Said note was at all times negotiable. There was no understanding between the plaintiff and the Union National Bank of Pittsburgh that said note had been acquired or would be held for investment purposes. The said Union National Bank of Pittsburgh carried said note and loan in its loan portfolio and not in its investment portfolio.

### Conclusions of Law

1. The Court has jurisdiction over the parties to the action and the subject matter thereof.

2. The instrument delivered by the plaintiff to the bank on which the stamp tax was assessed and paid was a promissory note and not a debenture or other type of instrument within the meaning of and subject to tax under Section 1801 of the Internal Revenue Code, 26 U.S.C.

3. The stamp tax on the instrument was illegally assessed and collected by the defendant.

4. The plaintiff is entitled to judgment against defendant in the sum of $2,750 with interest and costs as prescribed by law.